## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## OWENSBORO DIVISION
## CIVIL ACTION NO. 4:21-CV-00124-HBB

**BILLIE R.**[1]                                                                                                            **PLAINTIFF**

**VS.**

**KILOLO KIJAKAZI, ACTING COMMISSIONER**
**SOCIAL SECURITY ADMINISTRATION**                              **DEFENDANT**

## MEMORANDUM OPINION
## AND ORDER

### BACKGROUND

Before the Court is the complaint (DN 1) of Billie R. ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Both the Plaintiff (DN 12) and Defendant (DN 16) have filed a Fact and Law Summary. For the reasons that follow, the Court concludes that the Commissioner's findings are supported by substantial evidence and comport with applicable law. As such, the final decision of the Commissioner is **AFFIRMED**.

Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 9). By Order entered January 18, 2022 (DN 17), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed.

---

[1] Pursuant to General Order 22-05, Plaintiff's name in this matter was shortened to first name and last initial.

FINDINGS OF FACT

On June 3, 2019, Plaintiff protectively filed an application for disability insurance benefits (Tr. 16, 202-05). Plaintiff alleged that she became disabled on March 9, 2019, as a result of the following: diabetes, arthritis, back pain, left knee and hip pain, Palmer's Planter Eczema (Tr. 16, 88, 102-03, 220-21). Her claim was denied initially on September 6, 2019, and upon reconsideration on January 2, 2020 (Tr. 16, 86, 100).[2] On January 21, 2020, Plaintiff filed a written request for a hearing (Tr. 16, 136-37).

On December 2, 2020, Administrative Law Judge Maribeth McMahon ("ALJ") conducted a telephonic hearing due to the extraordinary circumstances of the COVID-19 pandemic (Tr. 16, 38). Plaintiff and her counsel, Russ Wilkey, were present on the line, as was Florence Clemmons, an impartial vocational expert, who testified during the hearing (Id.).

In a decision dated February 17, 2021, the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 15-30). At the first step, the ALJ found Plaintiff has not engaged in substantial gainful activity since March 9, 2019, the alleged onset date (Tr. 18). At the second step, the ALJ determined that Plaintiff has the following severe impairments: degenerative disc disease, degenerative joint disease of the knees with total knee replacement, osteoarthritis of the knees, carpal tunnel syndrome with release, type II diabetes mellitus with neuropathy, and obesity (Tr. 19). At the third step, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. 20).

---

2 The Disability Determination and Transmittal documents issued at the initial and reconsideration stages are respectively dated September 06, 2019 (Tr. 86) and January 2, 2020 (Tr. 100). As the ALJ's decision inaccurately indicates Plaintiff's claim was denied initially on September 16, 2019, and upon reconsideration on January 3, 2020 (Tr. 16), the Court has utilized the dates set forth in the Disability Determination and Transmittal documents.

At step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b) with the following limitations: frequent handling and fingering with the bilateral upper extremities; she can sit, stand and walk each up to 30 minutes at a time for a total of up to six hours each in an eight-hour workday with normal breaks; she should never climb ladders, ropes or scaffolds; she can occasionally climb ramps and stairs; she can occasionally stoop, kneel, crouch and crawl; she can frequently balance; she should avoid concentrated exposure to vibrations, unprotected heights, and dangerous machinery (Tr. 21). The ALJ considered Plaintiff's RFC, past work experience, and testimony of the vocational expert, and concluded that since March 9, 2019, Plaintiff was unable to perform any past relevant work (Tr. 27).

Additionally, the ALJ considered Plaintiff's RFC, age, education, past work experience, and testimony from the vocational expert to make alternative step five findings (Tr. 28-29). The ALJ found that prior to February 9, 2021, the date Plaintiff's age category changed, there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed (Id.) Therefore, the ALJ found Plaintiff was not disabled prior to February 9, 2021 (Id.). The ALJ then found that after February 9, 2021, when Plaintiff's age category changed, she was disabled from that date to the date of her decision (Tr. 29-30).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 199). The Appeals Council denied Plaintiff's request for review (Tr. 1-3).

CONCLUSIONS OF LAW

Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Hum. Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied.  Landsaw v. Sec'y of Health & Hum. Servs., 803 F.2d 211, 213 (6th Cir. 1986).  "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way."  Cotton, 2 F.3d at 695 (quoting Casey v. Sec'y of Health & Hum. Servs., 987 F.2d 1230, 1233 (6th Cir. 1993)).  In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility."  Cohen v. Sec'y of Health & Hum. Servs., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-3).  At that point, the ALJ's decision became the final decision of the Commissioner.  20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); *see* 42 U.S.C. § 405(h).  Thus, the Court will be reviewing the ALJ's decision and the evidence that was in the administrative record when the ALJ rendered the decision.  42 U.S.C. § 405(g); 20 C.F.R. § 404.981; Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996); Cotton, 2 F.3d at 695-96.

The Commissioner's Sequential Evaluation Process

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim.  *See* "Evaluation of disability in general," 20 C.F.R. §404.1520.  In summary, the evaluation proceeds as follows:

    1)      Is the claimant engaged in substantial gainful activity?

    2)      Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

    3)      Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

    4)      Does the claimant have the RFC to return to his or her past relevant work?

    5)      Does the claimant's RFC, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ found that Plaintiff was not disabled prior to February 9, 2021 but was disabled after that date due to her changing age category.

    1. <u>Arguments of the Parties</u>

In her Fact and Law Summary, Plaintiff argues that the ALJ's decision is not supported by substantial evidence and the decision should be reversed and remanded. The Court construes Plaintiff's main argument to be that substantial evidence supports a finding that Plaintiff was capable of sedentary work in the RFC, and therefore the Plaintiff would have been considered disabled from her alleged onset date of March 9, 2019, due to her age category. Plaintiff asserts that the ALJ's finding that the cane was not medically necessary was not supported by substantial evidence as it is inconsistent with Nurse Gillians's opinion. Plaintiff suggests the ALJ was incorrect in crafting the RFC when she found Dr. Grow's opinion only partially persuasive and Nurse Gillians's opinion unpersuasive.[3] Additionally, Plaintiff argues substantial evidence does

---

3 Additionally, Plaintiff states two pages of Nurse Gillians's opinion were omitted from the original record, an omission that Plaintiff's counsel brought to the attention of the ALJ after the decision was issued (DN 12, pp. 15-16).

not support the ALJ's finding regarding Plaintiff's subjective complaints because they are substantiated by Dr. Grow's and Nurse Gillians's opinions.

Defendant argues that substantial evidence supports the ALJ's RFC finding that Plaintiff was capable of light work as the ALJ considered Plaintiff's musculoskeletal impairments, her neurological impairments, and her obesity. Defendant counters that the RFC was correct in not including Plaintiff's cane use because there was insufficient medical documentation establishing it was medically required. Defendant contends the ALJ properly evaluated Dr. Grow's, Nurse Gillians's, and the State agency medical consultants' opinions under the current regulations. To Plaintiff's subjective complaints, Defendant states that ALJ properly supported her decision to find Plaintiff's complaint's inconsistent with the record as a whole.

2. Discussion

The RFC is an ALJ's ultimate determination of what a claimant can still do despite his or her physical and mental limitations. 20 C.F.R. §§ 404.1545(a), 404.1546(c). An ALJ makes this finding based on a consideration of medical source statements and all other evidence in the case record. 20 C.F.R. §§ 404.1529, 404.1545(a)(3), 404.1546(c). Thus, in making the RFC determination an ALJ must necessarily evaluate the persuasiveness of the medical source statements in the record and assess the claimant's subjective allegations. 20 C.F.R. §§ 404.1520c,

---

The ALJ did not review the additional pages. Plaintiff then turned to the Appeals Council, which stated that the evidence from Nurse Gillians's report did "not show a reasonable probability that it would change the outcome of the decision. We did not exhibit this evidence" (Tr. 2). As this is not a final decision by the Commissioner and Plaintiff is not seeking a sentence-six remand but instead a sentence-four remand under 42 U.S.C. § 405(g), the Court will not consider the additional pages. 20 C.F.R. §§ 422.210(a), (b), (c); Willis v. Sullivan, 931 F.2d 390, 396 (6th Cir. 1991); Buckner v. Apfel, 213 F.3d 1006, 1010 (8th Cir. 2000)("A sentence four remand is therefore proper whenever the district court makes a substantive ruling regarding the correctness of a decision of the Commissioner and remands the case in accordance with such a ruling…Sentence six, in contrast, authorizes a remand in only two limited situations: (1) where the Commissioner requests a remand before answering the complaint of a claimant seeking reversal of an administrative ruling, or (2) where new and material evidence is adduced that was for good cause not presented during the administrative proceedings.").

404.1529(a).

### A. Medical Evidence

#### i. Cane Limitation

Plaintiff contends that the ALJ's decision not to include a limitation for Plaintiff's cane use in the RFC is not supported by substantial evidence. Under SSR 96-9p, to be deemed medically necessary the record must contain medical documentation that describes the circumstances for which the cane is needed. SSR 96-9p, 1996 WL 374185 at *7 (July 2, 1996). The medical documentation in the record must show that the cane is a necessity and not just the plaintiff's subjective desire. Additionally, "the mere notation by a physician that a claimant should use a cane is not evidence of medical necessity." Halama v. Comm'r of Soc. Sec., 2013 WL 4784966, *8 (N.D. Ohio Sept. 5, 2013). To sufficiently establish the circumstances for which a cane is needed, the record should contain a description of whether the plaintiff needs to use the cane "all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information." Stupka v. Saul, No. 1:19-CV-2305, 2021 WL 508298, at *3 (N.D. Ohio Feb. 11, 2021)(quoting SSR 96-9p, 1996 WL 374185, at *7). Here, Plaintiff was not prescribed a cane and the record's medical evidence does not describe the circumstances for which the cane is required. Further, there are multiple instances in the medical record that indicate that Plaintiff ambulated without the use or need of a cane and maintained a normal gait (Tr. 89, 95, 105, 109). The medical record does contain Nurse Gillian's treatment note that Plaintiff "uses a cane for balance" but with no accompanying details, which is an insufficient showing that the cane was medically necessary (Tr. 619).

        ii.        Remaining Medical Evidence

Plaintiff references additional medical evidence throughout her Fact and Law Summary to show substantial evidence does not support the ALJ's finding that she was capable of performing light work. For example, Plaintiff cites her neuropathy, knee surgery and medication, and obesity to show the ALJ should have found Plaintiff is only able to perform sedentary work. Yet, Plaintiff does not elaborate on how the evidence shows the ALJ's decision is not supported by substantial evidence. Instead, Plaintiff implies that combined these factors show that she is incapable of performing light work. Reviewing the ALJ's decision and the medical record, the Court finds substantial evidence supports the ALJ's determinations concerning the medical evidence.

First, the ALJ reviewed and discussed Dr. Bueltel's neurological examination, which found sensation was intact for all four extremities and Plaintiff's subsequent EMG which "was consistent with moderately severe right median neuropathy at the wrist consistent with carpal tunnel syndrome," (Tr. 22, 518-602). The ALJ cited that Plaintiff had "mild median neuropathy on the left," "superimposed right and left sensorimotor axonal peripheral neuropathy," and that there was a lack of evidence to show upper or lower extremity radiculopathies (Tr. 22). The ALJ discussed Plaintiff's successful carpal tunnel surgery and how she was only to return to the surgeon "as needed," (Tr. 24, 543). Additionally, a review of the medical record shows that in June of 2020, Dr. Moore described the Plaintiff as doing "exceedingly well" after the surgery and that her sensations had improved, which the ALJ highlighted in her decision (Tr. 23, 539). Importantly, the ALJ properly considered Plaintiff's neuropathy as the ALJ included a manipulative limitation in the RFC but did not include any greater limitations as there was "no objective medical evidence to support any greater limitation given normal grip and upper extremity strength as well as normal

coordination demonstrated at the consultative examination. Her surgeon did not provide any work-related limitations due to her carpal tunnel" (Tr. 24). Substantial evidence supports the ALJ's findings concerning Plaintiff's neuropathy.

Second, the ALJ properly reviewed Plaintiff's knee surgery and medication along with her mobility and gait (Tr. 21). The ALJ discussed Plaintiff's knee replacement, left knee arthritis, and Plaintiff's lack of surgery on the left knee due to "excellent results" following an injection in that knee (Id.). Further, the ALJ stated "[o]verall, the medical record fails to show that her pain is of the frequency and/or severity to preclude all work given her positive response to knee joint injections along with successful carpal tunnel release" (Tr. 25). These reasonings coupled with the medical record which show that Plaintiff had normal coordination demonstrate that the ALJ supported her findings with substantial evidence (Tr. 22).

Third, the ALJ adequately discussed Plaintiff's obesity and how that condition impacted the ALJ's evaluation of the medical evidence and formulation of the RFC. More specifically, the ALJ noted that "the claimant's obesity is a severe medically determinable impairment and the claimant's obesity has been taken into account in reaching the conclusions herein during the remaining steps of the sequential disability evaluation process" and with "obesity can exacerbate issues with hypertension, diabetes, and pain especially in weight-bearing joints (Tr. 19, 24). Additionally, the ALJ emphasized that despite Plaintiff's obesity, for many years she "was able to work at the medium exertional level, do household chores, and engage in recreational activities" (Tr. 24).

The ALJ's decision is supported by substantial evidence, and following Ulman v. Commissioner of Social Security, 693 F.3d 709, 714 (6th Cir. 2012), "[a]s long as the ALJ cite[s]

9

substantial, legitimate evidence to support his factual conclusions, we are not to second-guess."

### B. Medical Opinions

Plaintiff seems to be challenging the ALJ's findings concerning the persuasiveness of the opinions of Dr. Grow and Nurse Gillians because the medical opinions correlate with Plaintiff's subjective complaints. As Plaintiff filed her application after March 27, 2017, the new regulations for evaluating medical opinions are applicable to her case. *See* 20 C.F.R. § 404.1520c. Under the new regulations, administrative law judges evaluate the "persuasiveness" of medical opinions and prior administrative medical findings by utilizing the five factors listed in paragraphs (c)(1) through (c)(5) of the regulation. 20 C.F.R. § 404.1520c(a) and (b). The five factors are supportability, consistency, relationship with the claimant, specialization, and other factors. 20 C.F.R. § 404.1520c(c)(1)-(5). Of these five factors, the two most important are supportability and consistency. 20 C.F.R. § 404.1520c(a) and (b)(2). The regulations require administrative law judges to explain how they considered the supportability and consistency factors in determining the persuasiveness of the medical source's opinion. 20 C.F.R. § 404.1520c(b)(2). Under the regulations administrative law judges "may, but are not required to, explain how" they considered the three other factors in determining the persuasiveness of the medical source's opinion. 20 C.F.R. § 404.1520c(b)(2).

The ALJ properly evaluated the opinion evidence under the current regulations. First, the ALJ found Dr. Grow's opinion partially persuasive. The ALJ satisfied the regulations' requirements by explaining that the opinion was only partially persuasive because the lifting and carrying weight aspect of the opinion was not consistent or supported by the record as a whole with:

> The undersigned also considered the opinion of Dr. Grow, the consultative examiner. Overall, the opinion supports a sit/stand/walk option in the residual functional capacity, but Dr. Grow did not provide an opinion as to what the claimant could do in an eight-hour workday. He did state the claimant demonstrated normal gait, stride and pace without the use or need of an assistive device, which is persuasive in finding no ambulatory device in the residual functional capacity. However, Dr. Grow's opinion of lifting, carrying or raising five to seven pounds is not persuasive especially in light of normal 5/5 upper and lower extremity strength and normal lumbar range of motion. The undersigned finds the lifting limitations stated by Dr. Grow do not provide an adequate opinion as to the most weight the claimant could lift/carry/raise, and the stated limitations are excessive given the medical record as a whole. Therefore, Dr. Grow's opinion is only somewhat persuasive. (Exhibit 5F)

(Tr. 27). The substantial evidence in the record supporting the ALJ's findings—that Dr. Grow's opinion supports a sit/stand/walk option in the RFC and Plaintiff maintained a normal gait, stride, and pace—is set forth in the preceding paragraphs discussing the evidence of record (Tr. 26). Additionally, the ALJ's determination that the weight limitation expressed by Dr. Grow is "excessive given the medical record as a whole" is supported by substantial evidence in the record as expressed in the preceding paragraphs summarizing that evidence. As the ALJ's findings are supported by and consistent with substantial evidence in the record, those findings comport with the applicable law. 20 C.F.R. § 404.1520c.

Next, in regards to Nurse Gillians's opinion, the ALJ properly considered her opinion under the current regulations. The ALJ stated:

> Ms. Gillians, the claimant's treating nurse practitioner, submitted an opinion on September 28, 2020, which per the claimant's testimony, was completed during an office visit. It is notable that a week prior to this visit, there was no mention of the claimant using a cane, but she did present using a cane on this date. The undersigned finds Ms. Gillian's opinion of no lifting or carrying of any weight excessive and unsupported. She did note that the claimant uses a cane, but the preponderance of evidence herein does not adequately support finding a cane is medically necessary in the residual functional capacity. Also, a number of statements noted in the opinion are most consistent with the claimant's own reported limitations and abilities, which are not fully persuasive given objective

11

> clinical findings.  Overall, the undersigned finds the opinion of Ms. Gillians extreme.   Therefore, the opinion lacks persuasiveness. (Exhibit 12F)

(Tr. 27).  The ALJ's findings that Nurse Gillians's opinion was unpersuasive comports with applicable law because the ALJ addresses both the supportability and consistency of Nurse Gillians's opinion, and the findings are supported by substantial evidence in the record, which the ALJ discussed in the paragraphs preceding the quoted language (Tr. 26).

The ALJ found both State agency medical consultants' opinions to be somewhat persuasive.  Both at the initial and reconsideration levels, the State agency medical consultants found that Plaintiff was limited to: occasionally lifting or carrying 20 pounds, frequently lifting and carrying 10 pounds, standing, walking, or sitting for a total of about 6 hours in an 8-hour workday, and other postural limitations (Tr. 96, 109-10).   The ALJ found the prior administrative medical findings to be both supported and consistent with the medical record.  After considering evidence received after the State agency medical consultants reviewed the record, including the Plaintiff's subjective complaints, the ALJ "provided a sit/stand/walk option in her residual functional capacity," with "[s]he can sit, stand, and walk up to 30 minutes at a time," as Plaintiff "testified she can walk around for 30 minutes before needing to sit, which is consistent with" the RFC (Tr. 25, 21).   The ALJ's handling of the State agency medical consultants' opinions complies with the regulations as she explained what parts of the opinions were supported by and consistent with the record, while explaining why she deviated from their opinions.

As substantial evidence supports the ALJ's findings regarding the medical opinions in the record and the ALJ followed the applicable law, Plaintiff's argument against the ALJ's RFC finding is unsuccessful.

### C. *Subjective Complaints*

As to Plaintiff's final argument that the ALJ should have found Plaintiff's subjective complaints more persuasive and considered her work history, the undersigned concludes the ALJ appropriately considered other information and factors which are relevant to determining Plaintiff's RFC. 20 C.F.R. § 404.1529(c)(3). Following the regulations, the ALJ is directed to considered the following factors when evaluating a claimant's subjective statements about the intensity and persistence of pain or other symptoms: (1) daily activities; (2) the location, duration, frequency, and intensity of pain and other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication taken to alleviate pain or other symptoms; (5) treatment other than medications received for relief of pain or other symptoms; (6) any measures used to relieve pain or other symptoms, such as lying down; and (7) other factors concerning functional limitations and restrictions due to pain or other symptoms. 20 C.F.R. § 404.1529(c)(3)(i)-(vii).

Here, the ALJ considered Plaintiff's testimony that she uses a cane for balance; Plaintiff's performance of household chores with the assistance of her daughters; Plaintiff's ability to fix a small meal and cook in the microwave; Plaintiff's minimal use of pain-related medications; Plaintiff's successful results from her carpal tunnel surgery and prior knee joint injection in 2017; that Plaintiff has not sought any specific treatment for her back; that Plaintiff's sensation was intact in all four extremities in a neurological consultation in February 2020; Plaintiff's ability to walk two blocks and her statement of walking for 30 minutes then needing to rest; Plaintiff's crocheting; Plaintiff's capacity to perform part-time work prior to February 9, 2021; Plaintiff's obesity; Plaintiff's use of electric scooter in stores when she shops; and Plaintiff's history of normal gait

and coordination (Tr. 21-27). Clearly, the ALJ considered Plaintiff's subjective complaints as the ALJ included a limitation for Plaintiff of walking, sitting, standing up to 30 minutes based on Plaintiff's testimony. The ALJ's finding as to Plaintiff's subjective symptoms is supported by substantial evidence.

Contrary to Plaintiff's assertion, the ALJ did mention Plaintiff's work history with "she worked 15 years as a certified nurse's aide (CNA) and a certified medical technician (CMT)" and "she was a CNA for 32 years" (Tr. 25). The ALJ then described Plaintiff's job responsibilities in these roles and how Plaintiff continued to work part-time until October 2019 (Id.). The Court concludes that the ALJ properly assessed Plaintiff's subjective complaints and there is "no indication that the ALJ used [Plaintiff's] extensive work history negatively." Armining v. Kijakazi, No. 1:20-CV-01588-CEH, 2021 WL 3633479, at *15 (N.D. Ohio Aug. 16, 2021).

## Conclusion

As the Court noted previously, "[a]s long as substantial evidence supports the Commissioner's decision, we must defer to it, 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004)(quoting Wright v. Massanari, 321 F.3d 611, 614 (6th Cir. 2003)). Regardless of how this Court may view the evidence, it is not this Court's place to re-try or re-evaluate the findings of the ALJ. 42 U.S.C. § 405(g). Rather, this Court is only to find if substantial evidence exists to support the ALJ's decision and if the ALJ followed the applicable law. (Id.). After reviewing the record, the Court concludes that the ALJ's determination is supported by substantial evidence in the record and correctly followed the applicable law. Therefore, Plaintiff is not entitled to relief regarding her challenge.

## ORDER

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is **AFFIRMED**.

November 22, 2022

H. Brent Brennenstuhl
**United States Magistrate Judge**

Copies to:     Counsel of Record